UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

DONALD BOLSTRIDGE,

Debtor.

Chapter 7
Case No. 20-20008

**ORDER ON KUBOTA CREDIT CORPORATION'S
MOTION FOR RELIEF FROM STAY (Docket Entry No. 91)**

On January 8, 2021, Kubota Credit Corporation ("Kubota") filed a motion in this case seeking relief from the automatic stay (Docket Entry ("D.E.") 73) through its counsel, Jeffrey Hardiman, Esq. Although Kubota's motion asserted that the Chapter 7 Trustee and the Debtor consented to relief from stay, the proposed order did not contain the signatures required under D. Me. LBR 4001-1(g) and section II.D.2. of the *Administrative Procedures for Filing, Signing, Maintaining and Verifying Pleadings and Other Documents in the Electronic Case Filing (ECF) System* (the "Admin. Proc."). Moreover, the proposed order: (i) was not filed as a separate attachment as required by Admin. Proc. § II.G., but as part of the same file as the motion; and (ii) did not did not contain the fourteen-day negative notice language required under D. Me. LBR 9013-1(d)(1) even though the motion did not seek relief from the stay imposed by Fed. R. Bankr. P. 4001(a)(3).

The Clerk's Office issued an Order to Comply on January 8, 2021 (D.E. 74). Mr. Hardiman then filed a revised proposed order on January 12, 2021 (D.E. 77). The proposed order, which appears on the docket as a separate electronic file and contains the notice required under D. Me. LBR 9013-1(d)(1), cures two of the three issues presented by the original proposed order but still does not contain consent signatures. In response, the Clerk's Office issued a *second* Order to Comply on January 13, 2021 (D.E. 78).

On February 3, 2021, Mr. Hardiman filed an amended motion seeking relief from stay (D.E. 81). The motion is virtually identical to the original motion for relief from stay but attaches as an exhibit e-mails evidencing consent by the Debtor and the Chapter 7 Trustee. Mr. Hardiman did not file a proposed order in connection with the motion even though one is required under D. Me. LBR 9013-1(c) and Admin. Proc. § II.G. Further Mr. Hardiman did not file the consent signatures in continued contravention of D. Me. LBR 4001-1(g) and Admin. Proc. § II.D.2.

The Clerk's Office issued a *third* Order to Comply on February 4, 2021 (D.E. 83) and, this time, in addition to directing Mr. Hardiman to the correct provision of this Court's local rules, the Clerk's Office took the additional step of making an entry on the docket further

directing his attention to the applicable rule.  Despite those efforts, Mr. Hardiman then filed two more amended motions on February 12, 2021 (D.E. 90, 91); neither of which comply with the applicable local rules and procedures.

      Mr. Hardiman regularly appears before this Court on behalf of creditors and the Court notes the Clerk's Office has frequently addressed his failure to abide by the Court's local rules and procedures.  Although the Court may revoke an electronic filer's use of the ECF system in the event of non-compliance, it chooses not to invoke that remedy at this time.  However, the Court may entertain that remedy if Mr. Hardiman does not exercise greater care in his use of the ECF system on a going forward basis.

      In the meantime, the Court will not act upon any of the motions for relief that Mr. Hardiman has filed on behalf of Kubota in this case until he files them in compliance with all local rules and procedures.[1]

Dated:  February 18, 2021                    /s/ Peter G. Cary
                                                              Judge Peter G. Cary
                                                              United States Bankruptcy Court

---

[1] The Court observes that he is aware of those requirements and has complied with them in similar motions filed in this case, see, D.E. 40, and in a related case, In re Bolstridge, Case No.: 20-20279, D.E. 31, 33, 39.